**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000677
19-APR-2024
08:06 AM
Dkt. 65 SO**

NO. CAAP-18-0000677


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


In re F.T., by and through Aloha Nursing Rehab Centre


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171002012)


SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Appellant-Appellant Aloha Nursing Rehab Centre (**Aloha Nursing**) appeals from the Circuit Court of the First Circuit's[1] August 1, 2018 "Order Affirming Administrative Hearing Decision Dated November 20, 2017" (**August 1, 2018 Order**) and August 1, 2018 Judgment.

On appeal, Aloha Nursing challenges the circuit court's determination on standing and the hearings officer's exclusion of evidence.

---

[1]  The Honorable Keith K. Hiraoka presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

(1)  Aloha Nursing first contends the circuit court erred in affirming Appellee-Appellee State of Hawaiʻi, Department of Human Services (**DHS**) hearings officer's denial of Aloha Nursing's standing on F.T.'s behalf, arguing the circuit court's construction of Hawaiʻi Revised Statutes (**HRS**) § 346-12 (2015) was too narrow.

"On appeal, the issue of standing is reviewed *de novo* under the right/wrong standard."  Abaya v. Mantell, 112 Hawaiʻi 176, 180, 145 P.3d 719, 723 (2006).

Under HRS § 346-12,

> [a]n applicant or recipient, deeming oneself aggrieved, shall be entitled to appeal to the director in the manner prescribed by department rules and shall be afforded reasonable notice and opportunity for a hearing at which all of the evidence presented by the parties, to the extent allowed by chapter 91, shall be considered in a fair and impartial manner.

(Emphasis added.)  Applicant is defined as "the person for whose use and benefit application for services or public assistance is made" and recipient is defined as "the person for whose use and benefit services are rendered or a grant of public assistance is made."  HRS § 346-1 (2015).

2

Here, Aloha Nursing has not shown it was the applicant or recipient as defined by HRS § 346-1. Moreover, the hearings officer found "Aloha Nursing has not provided evidence that it is an authorized representative of" F.T., and Aloha Nursing did not challenge this finding. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact . . . that are not challenged on appeal are binding on the appellate court.").

Aloha Nursing also relies on Hawaiʻi Administrative Rules (**HAR**) § 17-1711.1-9 (eff. 2013) for the proposition that it "acted responsibly on behalf of F.T." HAR § 17-1711.1-9 provides "[t]he department must accept an application for medical assistance and any documentation required to establish eligibility from an applicant, an adult who is in the applicant's household or family, an authorized representative, or if the applicant is a minor or incapacitated, someone acting responsibly for the applicant." However, HAR § 17-1711.1-9 covers from whom DHS can accept an application, not the appellate process.

Thus, Aloha Nursing failed to show it had standing to appeal pursuant to HRS § 346-12.

(2)   Aloha Nursing next contends the circuit court erred in affirming the hearings officer's denial of Aloha Nursing's third-party standing.

"In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991).  Under the test for third-party standing, litigants have a right to bring actions on behalf of third parties if "three important criteria are" met:

> (1) the litigant has suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute, (2) the litigant has a close relationship to the third party, and (3) there is some hindrance to the third party's ability to protect his or her own interests.

In re AS, 130 Hawaiʻi 486, 513, 312 P.3d 1193, 1220 (App. 2013) (citing Powers, 499 U.S. at 410-11).  The supreme court has noted "the legislature may limit standing to sue despite an injury in fact where plaintiff asserts rights" arising from a statute.  Akau v. Olohana Corp., 65 Haw. 383, 390, 652 P.2d 1130, 1135 (1982).

Here, the legislature appears to have limited standing by enacting HRS § 346-12.  But even if we were to consider Aloha Nursing's argument, Aloha Nursing did not meet the test for third-party standing.  In this case, the hearings officer found DHS terminated F.T.'s Medicaid benefits in December 2012 due to

4

excess resources; DHS denied F.T.'s June 2013 application for assistance due to excess resources; and F.T. "had a legal guardian from January 29, 2013 to June 29, 2014" when she passed away.  As F.T. had a legal guardian from January 2013 (the month after DHS terminated Medicaid benefits) until she died, Aloha Nursing did not show F.T. was unable to protect her own interests.[2]

(3)  Finally, Aloha Nursing contends the circuit court erred in failing to address the hearings officer's refusal of Aloha Nursing's cross-examination of DHS's witness about the notice to terminate F.T.'s Medicaid benefits.

The circuit court originally remanded this case for a hearing on whether Aloha Nursing had standing.  However, at the hearing on remand, Aloha Nursing attempted to cross-examine DHS's witness about the termination of benefits notice, DHS objected, and the hearings officer sustained the objections. Thus, as Aloha Nursing's questions exceeded the scope of remand, we cannot say sustaining the objections was error.  See generally, 2 Am. Jur. 2d Admin. Law § 550 (2024) (noting "when the scope of remand [to an administrative agency] is limited . . . the lower tribunal is only authorized to carry out the

---

[2]  As Aloha Nursing does not meet this prong of the test, we do not analyze the other two prongs.  See generally, In re AS, 130 Hawaiʻi at 513, 312 P.3d at 1220 (noting all three criteria must be met).

appellate court's mandate").  As such, the circuit court not addressing this issue is not reversible error.

Based on the foregoing, we affirm the circuit court's August 1, 2018 Order and August 1, 2018 Judgment.

DATED:  Honolulu, Hawaiʻi, April 19, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Thomas E. Bush,
for Appellant-Appellant.                /s/ Karen T. Nakasone
                                        Associate Judge
James W. Walther,
Lili A. Young,                          /s/ Sonja M.P. McCullen
Deputy Attorneys General,               Associate Judge
for Appellee-Appellee.